UNITED STATES, Appellee,

v.

Hugo CHAVEZ–REY, Jr., Airman First Class, U. S. Air Force, Appellant.

UNITED STATES, Appellee,

v.

Larry D. W. LEMONS, Airman First Class, U. S. Air Force, Appellant.

UNITED STATES, Appellee,

v.

Richard L. CUMBERLEDGE, Airman First Class, U. S. Air Force, Appellant.

UNITED STATES, Appellee,

v.

Herbert BROOKS, Jr., Sergeant, U. S. Air Force, Appellant.

Nos. 29,658, 29,659, 29,767 and 29,878.

U. S. Court of Military Appeals.

May 23, 1975.

---

1. *In re Watson,* 19 U.S.C.M.A. 401, 42 C.M.R. 3 (1970).

2. *United States v. Snyder,* 18 U.S.C.M.A. 480, 40 C.M.R. 192 (1969).

3. *United States v. Snyder, supra.*

Colonel William E. Cordingly, Major John A. Cutts, III, and Captain Byron D. Baur were on the pleadings for Appellants, Accused.

Colonel C. F. Bennett, Lieutenant Colonel Abraham A. Dash, USAFR, and Captain Frederick P. Waite were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

Each of these appellants stands convicted by general court-martial of multiple offenses primarily alleging either the possession, use, transfer, distribution or sale of prohibited narcotic substances. Although each of these cases was separately tried at Holloman Air Force Base, New Mexico, the situs of the alleged offenses, they were all convened and later reviewed by the Commanding General, 12th Air Force, who was physically located at Bergstrom Air Force Base, Texas. We granted review to determine whether the commanding general was disqualified from reviewing and acting upon these cases under our decisions in *United States v. Sierra-Albino*, 23 U.S.C. M.A. 63, 48 C.M.R. 534 (1974) and *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973).

The records of trial reveal that the base commander of Holloman Air Force Base and his staff judge advocate had made certain promises of immunity or clemency to at least two prosecution witnesses in order to obtain their testimony in these cases. This was acknowledged by the staff judge advocate in the post-trial reviews to the commanding general.

When holding in *United States v. Sierra-Albino, supra,* that a convening authority and his staff judge advocate were disqualified to review and act upon a record upon learning that a subordinate had officially placed his imprimatur on a witness' credibility, we stated: [1]

> Whenever a convening authority learns a subordinate has vouched for the credibility of a witness by extending immunity, it is still asking too much of the convening authority to free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case.

We accordingly hold that since the commanding general was aware that a subordinate had vouched for the credibility of certain prosecution witnesses by extending immunity and clemency to them, he was disqualified to review and act upon the records in these cases.

The decisions of the United States Air Force Court of Military Review are reversed and the actions of the Commanding General, 12th Air Force, Bergstrom Air Force Base, Texas, are set aside. The records of trial are returned to the Judge Advocate General of the Air Force for assignment to a different convening authority and staff judge advocate for a new review and action in each case.

Chief Judge FLETCHER did not participate in the decision of these cases.

---

1. 23 U.S.C.M.A. at 65, 48 C.M.R. at 536.