UNITED STATES, Appellee,

v.

Billy D. SMITH, Airman, U. S. Navy, Appellant.

No. 29,289.

U. S. Court of Military Appeals.

July 25, 1975.

*Lieutenant Walter A. Smith, Jr.*, JAGC, USNR, argued the cause for Appellant, Accused.

*First Lieutenant Ronald J. Waicukauski*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

## OPINION OF THE COURT

PER CURIAM:

In accordance with his pleas, the appellant stands convicted by general court-martial of 12 specifications involving the sale, transfer, use and possession of marihuana and lysergic acid diethylamide (LSD), and 2 specifications of subornation of perjury in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. We granted review to determine whether the convening authority was disqualified from reviewing and acting upon this case under our decisions in *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975); *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973); and *United States v. White*, 10 U.S. C.M.A. 63, 27 C.M.R. 137 (1958).

The facts giving rise to the granted issue are not in dispute. Prior to trial the convening authority granted two prosecution witnesses testimonial immunity pursuant to the advice of the acting staff judge advocate. In view of the appellant's pleas of guilty these witnesses did not testify prior to findings. However, during the presentencing portion of the trial, pretrial statements of the two witnesses were admitted in evidence. These statements were executed prior to the grant of immunity, and were used by the Government to aggravate the offenses involving the subornation of perjury.

In *United States v. White, supra,* and its progeny, we noted that a convening authority is precluded from impartially reviewing a case where he has granted immunity to a witness. Whether the evidence relates to findings or an appropriate sentence is of no consequence since the conven-

ing authority is charged with the responsibility of acting on both. Article 64, UCMJ, 10 U.S.C. § 864. Although the appellant was convicted pursuant to his pleas of guilty, statements from witnesses who had been granted immunity were used in a manner detrimental to him. Because the convening authority's grant of immunity rendered his impartiality suspect with reference to weighing the statements of these witnesses,[1] he was disqualified from reviewing this case.

The decision of the U. S. Navy Court of Military Review is reversed and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Navy for assignment to a different convening authority and staff judge advocate for a new review and action.

Chief Judge FLETCHER did not participate in the decision of this case.

1. While the grant of immunity postdated the execution of the pretrial statements, such a grant still reflects a prejudgment of the convening authority as to the weight of these statements.