**UNITED STATES**

v.

**Roderick O. LUCY, 417 78 5373, Seaman Recruit (E–1), U. S. Naval Reserve.**

**NCM 75 1164.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 Jan. 1975.

Decided 9 March 1976.

Appearances: LCDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel. LT(jg) Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

**DECISION**

FULTON, Judge:

This case involves a grant of immunity which required that the review and action

be taken other than by the convening authority. The question presented is whether the four days that it took to mail the record of trial from the convening authority in Pensacola, Florida to the action authority in Charleston, South Carolina must be included in the 90-day *Dunlap* computation. A total of 91 days elapsed from the date sentence was imposed until the date action was taken on the record.

Pursuant to his pleas of guilty the appellant was convicted by general court-martial of possessing a pistol contrary to U.S. Navy Regulations and assault with intentional infliction of grievous bodily harm in violation of Articles 92 and 128, UCMJ, 10 U.S.C. §§ 892, 928. On 29 January 1975 the court with members sentenced him to a bad conduct discharge, confinement at hard labor for one year, and to forfeit all pay and allowances. On 30 April 1975 the general court-martial authority approved the bad conduct discharge, confinement at hard labor until 1 October 1975 and total forfeitures for the period of confinement. On 8 August 1975 this Court ordered a *DuBay*-type hearing, *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine the facts relative to the delay in post-trial review. The hearing was completed on 9 October 1975. The convening authority concluded that appellant received a timely review of his case and returned the record of trial to this Court.

Appellant urges the following assignments of error:

I. THE REMAND OF THE RECORD OF TRIAL FOR A FURTHER EVIDENTIARY HEARING IS WITHOUT AUTHORITY.

II. THE GOVERNMENT FAILED TO MEET ITS HEAVY BURDEN TO SHOW DILIGENCE IN THE SPEEDY DISPOSITION OF THIS CASE. *UNITED STATES v. WALDON,* NO. 75 1000, (N.C.M.R. 29 DECEMBER 1975).

III. THE GOVERNMENT FAILED TO SERVE A COPY OF THE STAFF JUDGE ADVOCATE'S POST–HEARING REVIEW ON COUNSEL FOR THE ACCUSED IN VIOLATION OF THE DECISION IN *UNITED STATES v. GOODE,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

This Court is once again faced with 91 days of delay from the date sentence was imposed until the date of the convening authority's action. In the past we have held that absent really extraordinary circumstances 91 days of delay violated the rule in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), and required reversal. *See United States v. Plater,* No. 75 1693 (N.C.M.R. 25 February 1976).

I

■ We believe *United States v. Gentry,* 75 0781 (N.C.M.R. 29 July 1975), *pet. den.,* No. 30,964 (U.S.C.M.A. 14 October 1975), is dispositive of the appellant's contention that this Court was without authority to remand the record for a further evidentiary hearing. *United States v. DuBay, supra.* The assignment lacks merit.

II

In *Dunlap v. Convening Authority, supra,* the Court of Military Review states:

". . . a presumption of a denial of speedy disposition of the case will arise when the accused is continuously under restraint after trial and the convening authority does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial. In the language of *Burton [United States v. Burton,* 21 U.S.C.M.A. 112, 118, 44 C.M.R. 166, 172 (1971),] 'this presumption will place a heavy burden on the Government to show diligence, and in the absence of such a showing the charges should be dismissed.' *See also United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973); *Cf. United States v. Johnson,* 23 U.S.C.M.A. 91, 48 C.M.R. 599 (1974)."

In *United States v. Marshall, supra,* the High Court made it clear that when the

90-day mark passes, "the Government must demonstrate that really extraordinary circumstances beyond such normal problems as mistakes in drafting, manpower shortages, and leave contributed to the delay." 22 U.S.C.M.A. at 435, 47 C.M.R. at 413. The Court of Military Appeals has applied the *Burton-Marshall* speedy trial standards to post-trial review under the *Dunlap* rule. *United States v. Larsen,* 23 U.S.C.M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975). Accordingly, we examine the record of the *DuBay* hearing to determine if really extraordinary circumstances exist.

■ It is undisputed that the convening authority was disqualified from acting upon this record of trial by virtue of a grant of immunity to a prosecution witness who testified during the presentencing procedures, Record of Trial, p. 25; Record of Hearing, p. 8; *see United States v. Smith,* 23 U.S.C.M.A. 495, 50 C.M.R. 575, 1 M.J. 83 (1975). Likewise it was agreed by the parties to the hearing that as a result of this disqualification the record of trial was mailed to another general court-martial convening authority (Commandant, Sixth Naval District) on 6 March 1975. The record of trial was received for review by Commandant, Sixth Naval District on 10 March 1975. (*See* Exhibit 3 to Record of Hearing). We believe that the grant of immunity was an "unusual factor," *see United States v. Marshall, supra,* 22 U.S.C.M.A. at 435, 47 C.M.R. at 413, which is not normally associated with the preparation and review of court-martial records of trial. We conclude that since no other general court-martial authority was available to review and act on this record in the Pensacola area, it was incumbent that the record be mailed or otherwise transported out of the area to accomplish a fair and impartial result for the appellant.

We view such transmission as a legal circumstance required by law, outside the common and usual course of legal record processing. The transmission was a legal fiat, and as such, was a really extraordinary circumstance within the meaning of *Burton, Marshall,* and *Dunlap,* all *supra; see* Chief Judge Fletcher's concurring opinion in *United States v. Bouler,* No. 75–66 (U.S.C. M.A. 27 February 1976). We apply the test of reasonableness, and find that the four days transportation time was reasonable.

We therefore must deduct the four days from the total 91 days of delay. Since the resulting figure is less than 90 days the *Dunlap* presumption does not apply. We have examined the delay in this case for prejudice to appellant and find none. *United States v. Jefferson,* 22 U.S.C.M.A. 554, 48 C.M.R. 39 (1973). Contrary to appellant's contention, he was not denied a speedy review. The assignment lacks merit.

### III

■ *United States v. Goode,* 23 U.S.C. M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) requires that a copy of the staff judge advocate's review be served on counsel for the accused. Appellant contends that the rule was violated since a copy of the second review limited to the post-trial *DuBay* hearing was not served on appellant's counsel with an opportunity to rebut. We agree that such review should have been served on counsel for the appellant. We apply *United States v. Schooler,* 1 M.J. 674 (N.C. M.R. 14 October 1975), *pet. den.,* No. 31,467 (U.S.C.M.A. 18 February 1976), and find no discernible error in the new review. Under the teaching of *Schooler, supra,* there is no prejudice to appellant from this error, and the assignment must fail.

The findings and sentence approved below are affirmed.

Judge LAPPIN concurs.

Senior Judge NEWTON (absent/concurs).