**UNITED STATES**

v.

**Airman First Class Dennis L. STEVENSON, FR 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 Headquarters, 416th Combat Support Group Eighth Air Force (SAC).**

ACM S24309.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 September 1975.

Decided 26 April 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Major Isaac D. Benkin, USAFR. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Charles V. Lewis, Jr., USAFR.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION

LeTARTE, Chief Judge:

Pursuant to his pleas, the accused was convicted of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The sentence, as approved by the officer exercising general court-martial jurisdiction,[1] includes a bad conduct discharge, confinement at hard labor for five months, forfeiture of $150.00 per month for five months and reduction in grade to airman basic.

---

1. Hereinafter referred to as the "reviewing authority." Article 65(b), Code, supra; Manual for Courts-Martial, 1969 (Rev.), paragraph 94a (3).

We deem it necessary to discuss only one of the assigned errors wherein it is contended that the convening authority was disqualified from acting on the record of trial. For the reasons set out below, we agree.

During the presentencing proceedings, the accused made an unsworn statement in extenuation and mitigation. Thereafter, in aggravation of the offense, the prosecution called Airman Chatman who had assisted the accused and Airman Norris in committing the instant offense and whose testimony tended to rebut the accused's version of the extent of his participation therein. Upon cross-examination, Chatman stated that he had been informed by the trial counsel that if he cooperated by testifying, the trial counsel "would advise the squadron not to court-martial" him.

Less than two weeks after trial, Chatman was punished under Article 15, Code, supra, for his part in the offense.[2] Subsequently, trial defense counsel requested that the convening authority and his staff judge advocate recuse themselves from reviewing the case in view of the apparent grant of immunity or clemency accorded Chatman. In support of his request, counsel argued that the trial counsel had effectively utilized his position as the convening authority's "Director of Military Justice" to obtain clemency for Chatman, as promised, and that sanctioning of such action by the convening authority and his staff judge advocate was "tantamount to immunity." After considering post-trial affidavits submitted by Chatman, the accused's first sergeant and former and current commanders, the trial counsel and the staff judge advocate, the convening authority denied the request and approved the sentence as adjudged by the court.[3]

■ Under military law, a convening authority is disqualified from reviewing a case in which the testimony of a witness, to whom he has granted clemency or immuni-ty, is used during the presentencing proceedings to aggravate any offense of which the accused has been convicted. *United States v. Smith,* 23 U.S.C.M.A. 495, 50 C.M.R. 575, 1 M.J. 83 (1975). Furthermore, such disqualification exists in any case in which the convening authority merely has been informed that a subordinate has made or sanctioned promises of immunity or clemency to Government witnesses to obtain their testimony. *United States v. Chavez-Rey,* 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975); *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Williams,* 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972).

■ In the case before us, all of the affidavits submitted to the convening authority contain disclaimers that any form of clemency or immunity was given Chatman in exchange for his trial testimony. Nevertheless, it is apparent that a promise or at least some form of assurance, was made to Chatman, that punitive action against Chatman was intentionally delayed until after the accused's trial and that the punishment then imposed was extremely lenient for Chatman's crime. In short, it should have been evident to the convening and reviewing authorities that Chatman was rewarded for his cooperation at trial and that such reward had been sanctioned, if not actually orchestrated, by the convening authority's staff judge advocate through his subordinate, and military justice chief, the trial counsel. Accordingly, we find that the staff judge advocate was disqualified from reviewing the record of trial and that his disqualification permeated the convening and reviewing authorities as well. *United States v. Chavez-Rey,* supra; *United States v. Sierra-Albino,* supra; *United States v. Williams,* supra.

The record of trial is returned to The Judge Advocate General for submission to a different officer exercising general court-

---

2. Chatman had received $50.00 for acting as a "lookout" while the accused and Norris committed the offense.

3. The adjudged sentence extended to the maximum imposable by special court-martial.

martial jurisdiction for a new review and action. *United States v. White*, 10 U.S.C. M.A. 63, 27 C.M.R. 137 (1958).

EARLY and FORAY, Judges, concur.