## UNITED STATES

v.

**Airman First Class Jon J. CURTO, FR 263–04–3796 Headquarters, 7th Combat Support Group Eighth Air Force (SAC).**

**ACM S24310.**

U. S. Air Force Court of Military Review.

2 June 1976.

872

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, ORSER and SANDERS, Appellate Military Judges.

## DECISION

SANDERS, Judge:

The accused was tried by special court-martial and found guilty, contrary to his pleas, of violating a lawful general regulation by wrongfully possessing and selling marihuana and lysergic acid diethylamide, in violation of Article 92, 10 U.S.C. § 892, Uniform Code of Military Justice. The sentence extends to a bad conduct discharge and reduction to airman basic.

Several assertions of error have been advanced by appellate counsel for our consideration, one of which challenges the supervisory authority's qualification to review and take action on the record of trial. We find it necessary to discuss only this claim of error.

The case against the accused rested basically upon the testimony of an informant and agents from the Office of Special Investigations (OSI). Through a controlled purchase arrangement, the informant purchased drugs from the accused on 14 March 1975, resulting in the approved findings in this case. As a part of its case, the defense thoroughly developed the fact that the informer was himself considerably involved in drug abuse. It was brought out that sometime during November 1974, the informant was caught with marihuana in his room. Apparently, nonjudicial punishment under Article 15, Code, supra, was initiated against the informant at that time. This action was pending against the informant until sometime in June or July 1975 when it was "dropped." The reason the Article 15 action was not then taken against the informant is not clearly established in the record; however, he testified that he decided to become an informant in January 1975, and that his motivation was to try to get himself out of trouble and to obtain favorable results in "cases" pending against him. He affirmed that the only reason he was in court was because he was trying to help himself get out of trouble. He testified that the OSI did not make any promises but indicated that they would pass on favorable information to possibly help get the Article 15 action against him "dropped" if he be-

came an informant and assisted them. Regarding the Article 15 action, the informant indicated that he was never told why the action was not taken and that he did not know the reason.

Through cross-examination of one of the OSI agents, it was established that the base commander of Carswell Air Force Base, Texas, had determined that the Article 15 action would not be taken. The agent also stated that "[n]o approach was made to the commander about the possibility of dropping the Article 15 until the bust (of the accused and others) had already been made."

The commander involved in the decision on the Article 15 against the informant was not the convening authority at the time of the action on this case. Rather, a subsequent special court-martial convening authority took the initial action. The officer exercising general court-martial jurisdiction over Carswell Air Force Base, Texas, subsequently reviewed and took action on the case and approved the sentence.

Appellate defense counsel assert that the officer exercising general court-martial jurisdiction, the supervisory authority, was disqualified from acting on the record of trial. We agree.

■ "It is well established that the convening authority may not involve himself in granting immunity or clemency to a government witness and thereafter review or act upon the case." *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534, 536 (1974); *United States v. James,* 1 M.J. 487 (A.F.C.M.R.1975), aff'd (No. 31,-185), decided 3 Oct. 1975); *United States v. Stevenson,* 1 M.J. 849 (A.F.C.M.R.1976). And, when a convening authority is made aware that a subordinate commander has granted immunity to a government witness, it is "asking too much of the convening authority to free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case." *United States v. Sierra-Albino,* supra, 48 C.M.R. at 536; *United States v. Chavez-Rey,* 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1

M.J. 34 (1975). The Court of Military Appeals stated in *Chavez-Rey:*

> We accordingly hold that since the commanding general was aware that a subordinate had vouched for the credibility of certain prosecution witnesses by extending immunity and clemency to them, he was disqualified to review and act upon the records in these cases.

50 C.M.R. at 295, 1 M.J. at 35.

In *Chavez-Rey,* disqualification was found even though the immunity and clemency was effected by a base commander and his staff judge advocate at an installation far removed from the convening authority. In *United States v. Ward,* 23 U.S. C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975), the Court of Military Appeals stated that a reference in the post-trial review for the supervisory authority that the staff judge advocate to the subordinate special court-martial convening authority had promised clemency to a government witness would disqualify the supervisory authority. After noting that they perceived no distinction between an outright agreement for clemency and a promise of a recommendation by the subordinate commander, the court stated that,

> [i]n either case, the witness obtains a substantial benefit from his testimony and the subordinate has demonstrated a pretrial judgment as to the credibility of the witness, which judgment the convening authority and the supervisory authority may be hesitant to discard.

50 C.M.R. at 842, 1 M.J. at 181. See also *United States v. Dempsey,* 1 M.J. 835 (A.F.C.M.R.1976).

■ Was the informant in this case granted some form of immunity or clemency for his services thereby triggering the disqualification of the supervisory authority to take action? To conclude that he was not would require us to ignore the clear implications of the informant's testimony and that of the OSI agent. Although the informant testified that no specific promises had been made to him by the OSI agents and that he was not informed why

the Article 15 action against him was "dropped," it is clear that he was given assurances that favorable information about him would be passed on if he assisted the OSI. His only reason for being in the courtroom that day was to obtain favorable results in "cases pending against him." But of more significance in determining that a form of clemency or immunity was extended by the convening authority to the informant is the testimony of the OSI agent:

> No approach was made to the commander about the possibility of dropping the Article 15 until the bust (of the accused and others) had already been made.

These factors compel the conclusion that the commander engaged in pretrial activity which demonstrated a pretrial judgment as to the credibility of the informant. *United States v. Williams,* 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972); *United States v. Stevenson, supra; United States v. James, supra.*

Inasmuch as a commander subordinate to the supervisory authority "placed his imprimatur on the witness' credibility," it is "asking too much" of the supervisory authority "to free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case." *United States v. Sierra-Albino, supra,* 48 C.M.R. at 536; *United States v. Ward, supra; United States v. Stevenson, supra; United States v. Dempsey, supra.*

For the reasons stated, a new review and action are required. The record of trial is returned to The Judge Advocate General for submission to a different officer exercising general court-martial jurisdiction for a new review and action.

ROBERTS, Senior Judge, and ORSER, Judge, concur.