**UNITED STATES**

**v.**

**Sergeant Jose J. CRUZ, FR 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 392d Communications Squadron Strategic Air Command.**

**ACM 22108.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 May 1976.

Decided 23 Dec. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain William T. Snyder.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

FORAY, Judge:

Upon trial by general court-martial consisting of members, the accused was convicted, contrary to his pleas, of five offenses involving the possession, sale and distribution of dangerous drugs, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to bad conduct discharge, confinement at hard labor for eighteen months, and reduction to the grade of airman basic. The United States Disciplinary Barracks, Fort Leavenworth, Kansas, was designated as the place of confinement.

Appellate defense counsel have submitted four assignments of error for our review. Because of our disposition of this case, only one of the assigned errors warrants our discussion at this time.

Citing *United States v. McCarthy*, 25 U.S. C.M.A. 30, 54 C.M.R. 31, 2 M.J. 26 (1976), as authority, appellate defense counsel claim:

THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT FOR THE OFF–BASE SALES OF MARIJUANA ALLEGED IN SPECIFICATIONS 1 AND 5 OF THE CHARGE.

In *McCarthy*, the accused had been convicted of wrongfully transferring three pounds of marihuana to another soldier "just outside" one of the gates to Fort Campbell, Kentucky, an army installation. On appeal, the accused contended that the offense was not service connected as that term was explained in *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). The Court of Military Appeals rejected the accused's contention finding that four of the twelve criteria announced in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), by which service connection may be measured, weighed in favor of military jurisdiction over the drug transfer offense. The Court emphasized that a thorough, detailed analy-

sis of the jurisdictional criteria announced in *Relford* is required to resolve service connection issues. The Court went on to explain:

> Merely because the recipient of the contraband was a soldier is insufficient, in and of itself, to establish service connection. The issue requires careful balancing of the *Relford* factors to determine "whether the military interest in deterring the offense is distinct from and far greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts."

*Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

Here, the accused's conviction of selling and transferring dangerous drugs was based on transactions he had with Airman First Class Terry L. Monhollen, an informant for the Office of Special Investigations (OSI). All the transactions took place between 21 February and 2 March 1976. All but two of the dealings occurred at Vandenberg Air Force Base, California. The two remaining (Specifications 1 and 5), took place off-base in Lompoc, California.

The first of the questioned specifications alleges a sale of approximately 462 grams of marihuana at Lompoc on 21 February. The initial arrangements for the sale were made between the accused and Monhollen in a parking lot on Vandenberg Air Force Base earlier that day. The sale took place as planned except that full payment for the marihuana was deferred. The payment was ultimately made by Monhollen on 28 February in the accused's assigned Government quarters located on Vandenberg Air Force Base.

The second of the questioned specifications alleges a sale of approximately 360 grams of marihuana at Lompoc on 2 March. The record of trial shows the accused and Monhollen made arrangements subsequent to 28 February to meet on 2 March in order to complete the sale of marihuana. However, the record is silent as to when and where the preliminary agreement was made. The sale took place as planned and alleged in the specification, at which time the accused was apprehended by agents of the OSI.

■ Each of the two offenses committed off-base involved the sale of a substantial amount of marihuana to a serviceman. As to one of those offenses, the agreement to sell and the payment for the drug sold occurred on-base. Both offenses were part of a course of drug-related conduct on the part of the accused which occurred within a period of less than two weeks. A substantial part of that course of conduct took place in the accused's assigned quarters located in the housing area of Vandenberg Air Force Base.

These facts, when viewed in the light of the *Relford* criteria, convince us the military properly exercised jurisdiction over the two challenged offenses. The factors we find that establish the jurisdiction are:

1. The formation of criminal intent for one offense on base.

2. The flouting of military authority.

3. The threat to military personnel and the military community.

As a result, we find the military interest in prosecuting the offenses was superior to that of the civilian community. *United States v. McCarthy*, supra; *United States v. Murphy*, 54 C.M.R. 454, 2 M.J. 704 (A.F. C.M.R.1976); *United States v. Lemons*, 54 C.M.R. 246, 2 M.J. 312 (A.F.C.M.R.1976); *United States v. Artis*, No. 22028, 2 M.J. 692 (f rev), (A.F.C.M.R. 22 October 1976); *United States v. Campbell*, 54 C.M.R. 447, 2 M.J. 689 (A.F.C.M.R.1976).

Additionally, the interrelationship between all of the offenses of which the accused stands convicted demonstrates that the court-martial was the appropriate forum. See *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *United States v. Rock*, 49 C.M.R. 235 (A.F.C.M.R. 1974), pet. denied (1975).

We have perceived an error, however, which requires comment and remedial action.

■ The convening authority who ordered this case to trial was the Commander, 1st Strategic Aerospace Division, Vandenberg Air Force Base, which organization is within the Strategic Air Command. Prior to trial in this case, the convening authority granted immunity from prosecution by court-martial to Airman Monhollen in exchange for his testimony against the accused at his pending trial. Monhollen did testify at the court-martial of the accused providing the principal evidence leading to the conviction. Subsequent to the trial, the convening authority determined he was disqualified from reviewing and taking action in the case because of his grant of immunity to Monhollen. He, therefore, forwarded the record of trial to a superior command, Headquarters, Strategic Air Command, for review and action by the Commander-in-Chief of that command. See Manual for Courts-Martial, 1969 (Rev), paragraph 84c. That officer did take action in the case on 16 August 1976.

It is clear that the convening authority who ordered the case to trial was disqualified from reviewing and taking action in the case because of the grant of immunity to the Government witness. *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Williams*, 21 U.S.C.M.A. 292, 45 C.M.R. 66 (1972); *United States v. Maxfield*, 20 U.S.C. M.A. 496, 43 C.M.R. 336 (1971); *United States v. White*, 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958). It is equally clear that the Commander-in-Chief, Strategic Air Command, the superior commander to the Commander, 1st Strategic Aerospace Division, was also disqualified from reviewing and taking action in the case. The latter disqualification is evident since the subordinate commander had vouched for the credibility of Monhollen, by granting him immunity from prosecution, and it would be asking too much of the superior commander to

"free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case." *United States v. Sierra-Albino*, supra; *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975).

We note that the accused's trial defense counsel was served with a copy of the review of the staff judge advocate pursuant to the *Goode* mandate.[1] He submitted timely comments and challenges thereto but did not include any comment pertaining to the convening authority's disqualification to review and take action in the case. We must now determine whether trial defense counsel's failure to include such comment in his response was a waiver of the error as contemplated in *Goode.*

■ When acting on the findings of a court-martial, the convening authority may approve only such findings of guilty as he finds correct in law and fact. Article 64, *Goode*, supra; Manual for Courts-Martial, supra, paragraph 87a(1). To fulfill that statutory responsibility, the convening authority must act as an impartial judge of the facts of the case which, necessarily includes weighing the credibility of witnesses. Where, as here, a convening authority reviews and takes action in a case in which a subordinate commander has granted immunity from prosecution to a principal Government witness, doubt is cast on the ability of the convening authority to impartially perform his statutory duties. The doubt creates an appearance of evil which "seriously affect(s) the fairness, integrity, and public reputation" of the post-trial proceedings in the case. See *United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954); *United States v. White*, supra; *United States v. Hill*, 6 U.S.C.M.A. 599, 20 C.M.R. 315 (1956). We, therefore, conclude that the failure of the trial defense counsel to comment on the disqualification of the convening authority to act in the case in his *Goode* response was

---

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), provides for service of the post-trial review of the staff judge advocate on counsel for the accused prior to the convening authority's action in the case. If within five days counsel does not avail himself

of the opportunity to submit corrections or challenges to matters he considers erroneous, inadequate or misleading, such omission, normally, will be deemed a waiver of any error in the review.

not a waiver of the error. *United States v. Cumberledge*, 51 C.M.R. 696, 1 M.J. 768 (A.F.C.M.R.1975); *United States v. Robinson*, 51 C.M.R. 484, 1 M.J. 722 (A.F.C.M. R.1975).

Accordingly, the action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General for referral to a different convening authority and staff judge advocate for a new review and action.

EARLY, Senior Judge, concurs.

LeTARTE, Chief Judge, concurring:

Our decision relative to the disqualification of the Commander, Strategic Air Command, to review this case represents, in my opinion, a logical extension of recent case decisions wherein disqualification was determined solely on the vertical command relationship of the officials involved. *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973); *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975). It would appear, however, that this conclusion is contrary to the following provision of paragraph 84c, Manual for Courts-Martial, 1969 (Rev), which was complied with to the letter in the case before us:

> [I]f the person who normally would take action as convening authority is disqualified, as when he has granted immunity to a witness for the prosecution . . . the normal convening authority will forward the record of trial—ordinarily through the chain of command—to an officer authorized to exercise general court-martial jurisdiction.

Nevertheless, to be effective, a Manual provision dealing with a procedural question must not conflict with other law or military justice principles. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); cf. *United States v. Smith*, 13 U.S. C.M.A. 105, 32 C.M.R. 105 (1962). Utilizing this test as guidance, I find that the legal principle enunciated in *United States v. Sierra-Albino*, supra, as follows, prevails:

Whenever a convening authority learns a subordinate has vouched for the credibility of a witness by extending immunity, it is still asking too much of the convening authority to free himself wholly of the influence of his subordinate's judgment in his own review and action upon the case.