**UNITED STATES, Appellee,**

v.

**Private First Class (E–3) Kevin W. ANDERSON, SSN 572–98–0829, United States Army, Appellant.**

**CM 435760.**

U. S. Army Court of Military Review.

29 Nov. 1977.

Lieutenant Colonel John R. Thornock, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Peter V. Train, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, and Major Michael B. Kennett, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted, contrary to his pleas, of possession of marijuana and possession of heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged and approved sentence was bad-conduct discharge, confinement at hard labor for one year, forfeiture of $300.00 pay per month for eight months, and reduction to Private E–1. Several assigned errors require discussion pursuant to our review of the case under Article 66, UCMJ.

### I

The appellant maintains that the heroin and marihuana were seized in an unlawful search and should not have been admitted into evidence. He advances two bases for his contention:

a. The officer who authorized the search was not a neutral and detached magistrate.

b. As a warrantless search it was not sustainable under any of the recognized exceptions.

We find it unnecessary to determine whether the search could be upheld under any of the exceptions to the requirement for a search warrant, because we find this search was authorized by a commander upon probable cause. Paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition). The existence of probable cause is not seriously disputed. The statement of the eye witness informant plus his known reliability from previously furnished accurate information was sufficient in that regard.[1]

▪ Appellant argues that the commander, by the very nature of his status, could never be a neutral and detached magistrate. In the alternative, he asserts that this particular commander was disqualified because he abandoned his judicial role. We disagree with both contentions.

Although a commander would not normally be devoid of knowledge or interest in the person or place to be searched, as is usual with a civilian magistrate, that does not mean he could not be neutral and detached in exercising his judicial function. A military commander in the exercise of his diverse responsibilities is continually required to make decisions in an unbiased, impersonal atmosphere. We are confident that a commander can render a decision on a request to search fairly and impartially, completely neutral and detached in every sense of the word. *United States v. Staggs*, 23 U.S.C.M.A. 111, 48 C.M.R. 672 (1974); *United States v. Sam*, 22 U.S.C.M.A. 124, 46 C.M.R. 124 (1973); *United States v. Hartsook*, 15 U.S.C.M.A. 291, 35 C.M.R. 262 (1965).

▪ In looking to see whether this commander was personally disqualified we must examine his actions to see if he abandoned his impartial position. *United States v. Staggs, supra; United States v. Sam, supra.*

▪ When the informant's information was relayed to him, the commander directed that appellant be brought to his office. A few minutes later when he confronted appellant, he searched him. We find nothing in the commander's actions incompatible with his judicial role. Accordingly, the marihuana and heroin were properly admitted into evidence.

II

▪ The informant was called as a witness in rebuttal by the prosecution. He refuted appellant's contention that he, the informant, had given appellant the heroin to hold until he could sell it because he was afraid he would use it if he kept it. Upon cross-examination, trial defense counsel asked the informant if he was using heroin at the time of the offense, if he had used it before, and if he was using it at the time of the trial. To each of these questions the informant invoked the Fifth Amendment. Trial defense counsel then moved to strike the informant's testimony. The military judge denied the motion.

Appellant defended primarily on the issue of entrapment, arguing that the government agent (informant) had induced the appellant to hold the heroin and then turned him in for possession. Supporting this theory was the testimony of appellant's roommate who stated he saw the informant pass a plastic bag to appellant on the morning of the offense. He further stated that both appellant and the informant tried to conceal the transaction.

There is no doubt but that the questions concerning the informant's heroin use were material to the issue of whether the informant may have given the heroin to appellant to hold. Yet even assuming, as appellant contends, that the informant gave him the heroin, that is not material to the issue of guilt or innocence. It raises no defense of entrapment. Appellant's own testimony establishes his predisposition to commit the

---

1. The fact that the commander failed to advise appellant of his Article 31, UCMJ, rights prior to directing him to empty his pockets is of no moment as the contraband was not discovered by that act. Rather, the commander, knowing from the informant's tip where the contraband was located, reached into appellant's fatigue jacket pocket and removed it.

offense of possessing heroin—he readily accepted the heroin as collateral until the informant could repay a debt. The alleged misconduct of the government agent would not prevent the commission of the offense by the predisposed accused. *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). Cross-examination of the informant on his drug use was, therefore, collateral to the merits of the case, and the military judge's denial of the motion to strike did not deprive appellant of his Sixth Amendment right to confrontation. *Cf. United States v. Colon-Atienza*, 22 U.S.C.M.A. 399, 47 C.M.R. 336 (1973); *United States v. Marcus*, 401 F.2d 563 (2d Cir. 1968); *Fountain v. United States*, 384 F.2d 624 (5th Cir. 1967).[2]

### III

■ The military judge imposed sentence and the convening authority took his action on the basis of a ten year maximum period of confinement for possession of heroin. The correct maximum was two years. *United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977); *United States v. Courtney*, 24 U.S.C. M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976). The error requires corrective action on the sentence.

### IV

■ The informant testified that he had been under charges at one time, that he was not certain of their status at time of trial, that the battalion commander had said he would "go to bat for him" if he assisted in ridding the unit of drugs, and that he was leaving the service soon with an honorable discharge. The battalion commander confirmed that the informant had been charged with heroin possession and that he offered to recommend favorable action on an administrative discharge. He further testified that he was not sure of the current status of the charges against appellant but he understood the convening authority had granted immunity. No evidence was offered to confirm or refute the testimony.

The staff judge advocate mentioned in his review the testimony about the grant of immunity but made no comment as to its accuracy. He did, however, recommend that the convening authority act on the case. In a rebuttal to the review, the trial defense counsel argued that both the staff judge advocate and the convening authority were disqualified because (a) clemency had been granted to the informant witness by a subordinate of the convening authority, and (b) the informant had been granted at least *de facto* immunity. The staff judge advocate merely commented that the rebuttal was attached.

Although we would normally indulge in the presumption of regularity regarding the actions of the convening authority and the staff judge advocate, we are not inclined to do so here in view of the unrebutted testimony in the record and the comment on the post-trial review. We hold that the staff judge advocate and the convening authority were disqualified. *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975); *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974).

Accordingly, the action of the convening authority dated 16 February 1977 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority. In taking action on sentence, the convening authority should consider that the sentence was imposed by the military judge under a misapprehension as to the maximum confinement imposable.

Judge DeFORD concurs.

Judge MITCHELL not participating.

---

2. Even if the informant's testimony as to his drug use was material, his direct testimony would be stricken only if the invocation of the Fifth Amendment hampered appellant's efforts to get at the truth. *United States v. Smith*, 342 F.2d 525 (4th Cir. 1965). Here, as in *Smith*, the prior testimony as to the informant's character (drug user and seller) placed him in such a light that "his plea of the Fifth Amendment could have had no other effect on the jury than to confirm the opinion created by" the prior testimony. *Id.* at 527. Under the circumstances the refusal to answer could not have hampered appellant's efforts to elicit the facts.