UNITED STATES, Appellee

v

FRANK MOFFETT, JR., Sergeant, U. S. Army, Appellant

10 USCMA 169, 27 CMR 243

No. 12,316

Decided January 30, 1959

*First Lieutenant Thomas F. Shea* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ralph Herrod.*

*First Lieutenant William H. Keniry* argued the cause for Appellee, United States. With him on the brief was *Major Thomas J. Nichols.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused, after the completion of intermediate appellate review, stands convicted of four specifications in violation of Article 132, Uniform Code of Military Justice, 10 USC § 932.

We granted the accused's petition for review to determine the following issue: "Whether the convening authority was disqualified through the giving of immunity" to a prosecution witness.

The only facts germane to the resolution of this question are that the same convening authority who granted the immunity also referred the case to trial and took post-trial action thereon. The Government concedes that the factual situation is analogous to that in United States v White, 10 USCMA 63, 27 CMR 137, and urges that this Court overrule that case. This, we are not disposed to do.

Insofar as the convening authority's post-trial action is concerned, United States v White, supra, is dispositive.

However, it was urged upon us in oral argument that the same considerations would not pertain to a convening authority's granting immunity to a prosecution witness and thereafter referring the case to trial.

In our opinion, a valid distinction can be made. In United States v White, supra, while leaving the question open, we said:

". . . The convening authority, by referring the case to trial, was not placed in the position of passing judgment upon his prior action."

We are of the opinion that in referring a case to trial the convening authority acts in a capacity similar to that of a grand jury. The sole question for his determination at that stage is whether or not there is probable cause to believe the accused is guilty of the crime charged. The convening authority only refers the case to a court-martial for trial for a determination of that question by the fact finders. In contrast, in taking post-trial action upon the case, the convening authority is himself acting as a fact finder. He must weigh the evidence and determine either that the evidence proves the accused guilty beyond a reasonable doubt, or he must acquit him. In the role of passing upon his own previous grant of immunity, he might well be inclined to give undue weight to the testimony of the witness involved.

Consequently, in the absence of a showing of prejudice to the accused by virtue of the convening authority's action, we hold that the granting of immunity to a prosecution witness does not *ipso facto* preclude him from thereafter referring the case to trial.

The record of trial is returned to The Judge Advocate General of the Army for action by a different convening authority on the post-trial review.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part. See United States v White, 10 USCMA 63, 27 CMR 137.