UNITED STATES, Appellee

v

LEONARD MARKS, Corporal, U. S. Marine Corps, Appellant

19 USCMA 389, 41 CMR 389

No. 22,536

April 24, 1970

Lieutenant James S. Bailey, Jr., JAGC, USNR, argued the cause for Appellant, Accused.

Lieutenant Thomas F. Bastow, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was Captain Patricia A. Murphy, USMC.

## Opinion of the Court

FERGUSON, Judge:

We are concerned in this appeal with whether the activities of the convening authority prior to the commission of the charged offense disqualified him from later reviewing the proceedings pursuant to Article 64, Uniform Code of Military Justice, 10 USC § 864.

The accused was convicted of one specification of possession of marihuana, in violation of Article 134, Code, supra, 10 USC § 934. His sentence to a bad-conduct discharge, confinement at hard labor for three months, and reduction to the grade of E-1, has been approved by intermediate appellate authorities.

The record reflects that when a base investigator learned from a Marine Corporal that the accused had offered to purchase some marihuana for the Corporal, he so informed the Base Provost Marshal. Subsequently, during a conference between the commanding officer, the Provost Marshal, and two base investigators, the commanding officer stated that a good reliable Marine should be selected and instructed to attempt to purchase marihuana from the accused. He suggested that Sergeant Raney would be one of the best. Raney was called into the Colonel's office and, in the latter's presence, was asked if he would go along with the plan. He stated that he would.

Raney testified he approached the accused, told him that he and his friends were planning a party for the weekend,

**389**

and inquired whether the accused could get him some marihuana. The accused allegedly stated that he did not have transportation but he would show Raney where he could buy all that he wanted. Raney said he could not leave, as he was on duty, but the accused could use Raney's car. Later in the day, Raney again approached the accused and a time was set for the accused to pick up Raney's car keys "so he could use my car and go get the stuff." That evening, in Raney's barracks room, the accused gave him a package and received a marked $10.00 bill in return. Raney then signaled to the two investigators who were waiting nearby. Raney later apologized to the accused for his part in the affair. He believed then and still does that he was only performing his duty.

The accused testified on the merits that he bought the marihuana for Sergeant Raney only because he had twice asked him to do so and even offered the accused the use of his car to get it. He knew where marihuana could be obtained in town but had never personally bought any before for himself or for anyone. After he delivered the package of marihuana to Raney, he was apprehended by a base investigator.

The issue of entrapment having been raised by the evidence, the court was properly instructed thereon. It is the contention of appellate defense counsel that since the commanding officer personally selected the person who was to attempt to purchase marihuana from the accused, he was thereafter disqualified from acting as the post-trial reviewer. We agree.

The convening authority is required by paragraph 86b(c), Manual for Courts-Martial, United States, 1969 (Revised edition), to determine:

"That the competent evidence of record (87a(3); ch. XXVII) established beyond a reasonable doubt each element of the offense of which the accused was found guilty (ch. XXVIII)."

Paragraph 87a(3), Manual, supra, provides:

"*Sufficiency of the evidence.* In the course of taking action upon a record of trial, the convening authority is empowered to weigh evidence, judge the credibility of witnesses, and determine controverted questions of fact. In considering the evidence he should recognize that the trial court saw and heard the witnesses, and he will be guided by the principles stated in 74a and chapter XXVII. Unless he determines that a finding of guilty was established beyond a reasonable doubt by the competent evidence of record, he must disapprove the finding."

See, generally, Articles 60, 62, 63, 64, Code, supra, 10 USC §§ 860, 862, 863, 864.

These sections of the Manual make it clear that the convening authority has a duty to make an independent and specific determination that each finding of guilty was established beyond a reasonable doubt and that in the course of making this determination he has an independent duty to judge the "credibility of witnesses."

In the case at bar, it is clear that the convening authority personally selected Sergeant Raney as the man to make contact with the accused. His basis for this selection was his belief that the job required the services of "a good reliable Marine" and that "one of the best ones would be Sergeant RANEY." It is apparent that the commanding officer had, prior to trial and even prior to the commission of the offense, made a judgment as to the credibility of the Government's most important witness. More than that, he had communicated that judgment to the base investigators who thereafter directed Raney in the operation and testified as to his and their activities.

We find the situation in this case not unlike that which pertained in United States v White, 10 USCMA 63, 27 CMR 137 (1958), where we held that a convening authority who had granted immunity to a Government witness in return for his testimony at trial was, thereby, precluded from thereafter acting as the post-trial reviewing au-

thority. As we said in *White*, at page 64, citing our prior holding in United States v Albright, 9 USCMA 628, 26 CMR 408 (1958):

> ". . . Whether the fact is that the convening authority actively sought out the witness or the staff judge advocate did so with his concurrence, the grant of immunity was given by the convening authority. This involves him in the prosecution of the case to the extent where there is at least some doubt of his ability to impartially perform his statutory duty. He must weigh the evidence, pass on the credibility of witnesses and satisfy himself from the evidence that the accused is guilty beyond a reasonable doubt. It is asking too much of him to determine the weight to be given this witness's testimony since he granted the witness immunity in order to obtain his testimony. This action precludes his being the impartial judge he must be to properly perform his judicial functions. As we said in United States v Hill, 6 USCMA 599, 20 CMR 315 [1956]:

> '. . . [I]n the interests of justice, the appearance of evil should be avoided as well as the evil itself.' "

See also United States v Moffett, 10 USCMA 169, 27 CMR 243 (1959); United States v Donati, 14 USCMA 235, 34 CMR 15 (1963); United States v Winborn, 14 USCMA 277, 34 CMR 57 (1963).

In view of the convening authority's pretrial action in this case, which amounted to an even greater pretrial judgment as to the credibility of the Government's principal witness than would be the case in a grant of immunity, we hold that the convening authority was precluded from thereafter acting as the post-trial reviewing authority. A new review is required.

The decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. A new post-trial review should be conducted by a different convening authority.

Chief Judge QUINN and Judge DARDEN concur.