SAMUEL G. GREEN, Jr., Private First Class,
U. S. Marine Corps, Petitioner

v

CONVENING AUTHORITY, Major General Widdecke,
U. S. Marine Corps, Commanding, 1st Marine
Division, Da Nang, Republic of
Vietnam, Respondent

19 USCMA 576, 42 CMR 178

Miscellaneous Docket

No. 70–50

July 23, 1970

*James A. Chiara, Esquire, Alfred V. Boerner, Jr., Esquire, Ben Paul Noble, Esquire,* and *Thomas O. Mann, Esquire,* counsel for Petitioner.

A charge, alleging three specifications of premeditated murder of several Vietnamese civilians, was originally preferred against the petitioner herein. Upon the advice of his staff judge advocate, the respondent convening authority, Commanding General, 1st Marine Division, reduced the charge to unpremeditated murder, and referred it to trial by a general court-martial which he appointed pursuant to Article 22(a) (3), Uniform Code of Military Justice, 10 USC § 822(a)(3).

By this Petition for Writ of Prohibition petitioner seeks, inter alia, to terminate the proceedings of the general court-martial.

In support of this petition, several averments are advanced. Several relate to the investigation conducted pursuant to Article 32 of the Code, supra, 10 USC § 832. These include:

I. A principal prosecution witness, Lance Corporal Kritchen, was induced to change his original description of the incident giving rise to the charge by a promise of immunity, Article 37 of the Code, supra, 10 USC § 837.[1] While such a grant of immunity disqualifies the convening authority as the reviewer of the trial proceedings, it does not prevent him from referring the case to trial. United States v White, 10 USCMA 63, 27 CMR 137 (1958); United States v Moffett, 10 USCMA 169, 27 CMR 243 (1959). The effect of a prior inconsistent statement upon the credibility of the witness is a question for resolution by the triers of fact. United States v Freeman, 4 USCMA 76, 15 CMR 76 (1954). Since no facts are alleged with reference to the terms of the grant of immunity, such cases as United States v Scoles, 14 USCMA 14, 33 CMR 226 (1963), and United States v Stoltz, 14 USCMA 461, 34 CMR 241 (1964), are not material to our consideration of the instant petition.

II. There is no basis in fact or law for referral of the present charge to trial. In support of this allegation, it is argued that the investigating officer recommended reduction of the original charge to voluntary manslaughter, and thus, inferentially, the convening authority could not refer a more serious offense to trial. This is not the law. Article 32, supra, provides:

". . . This investigation shall include inquiry as to the truth of the matter set forth in the charges, consideration of the form of charges, and a recommendation as to the disposition which should be made of the case in the interest of justice and discipline."

Since only a "recommendation" is provided for, finality does not attach to the investigating officer's conclusion that voluntary manslaughter should more appropriately be charged. The determination of the charge or charges to be referred to trial is entrusted by the Code to the convening authority, acting after receiving the advice of his staff judge advocate. Article 34, Code, supra, 10 USC § 834.

Under this heading petitioner also

---

[1] 10 USC § 837. "Art. 37. **Unlawfully influencing action of court.** (a) No authority convening a general, special, or summary court-martial, nor any other commanding officer, may censure, reprimand, or admonish the court or any member, military judge, or counsel thereof, with respect to the findings or sentence adjudged by the court, or with respect to any other exercise of its or his functions in the conduct of the proceeding. No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence the action of a court-martial or any other military tribunal or any member thereof, in reaching the findings or sentence in any case, or the action of any convening, approving, or reviewing authority with respect to his judicial acts."

declares that the Uniform Code makes no provision for the crime of unpremeditated murder. This is dispelled by the language of Article 118, Code, supra, 10 USC § 918.

The balance of contentions urged under this heading may more appropriately be determined in the trial forum. It is sufficient to note that none provide a basis for the extraordinary relief contemplated by 28 USC § 1651 (a).

III. It is next argued that, since there is no state of declared war, nor any public danger within the continental limits of the United States or its territories and possessions, the Fifth Amendment to the Constitution of the United States prohibits trial of the charge against the petitioner. This Amendment provides:

"No person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, *when in actual service in time of War or public danger*. . . ." [Emphasis supplied.]

The emphasized portion is relied upon as the basis of petitioner's claim. However, that phrase applies only to the militia, and not to members of the land or naval forces. Johnson v Sayre, 158 US 109, 39 L Ed 914, 15 S Ct 773 (1895); Ex parte Mason, 15 Otto 700 (U. S. 1882). As a member of the United States Marine Corps, petitioner is manifestly not a member of the militia, so this portion of the Amendment is inapplicable.

IV. The circumstances of selection and composition of the members of the general court-martial "of necessity," it is contended, deprive petitioner of disinterested and impartial triers of fact, and thus of due process of law. In this particular, it is urged, the respondent convening authority, who has already determined that petitioner should be tried upon a charge of unpremeditated murder, also determines the membership of the court-martial which will make the findings and impose the sentence. These members are subject to the convening authority's orders and discipline, and rely upon him for their promotions. Thus, they cannot be impartial.

While volumes could be written on the subject of command control—the genesis of this contention— tion—for present purposes it is sufficient to observe simply that, absent a showing of any specific basis for the allegation, the generalized form of contention is inadequate. Congress was fully aware of the possibilities for abuse arising out of the relationship. Indeed, this aspect of military trials consumed a large portion of its deliberations on the Uniform Code of Military Justice. It continued the provisions relating to appointment of court members and provided safeguards it considered adequate to prevent the abuses of command control. Moreover, this is a matter of deep and continuing concern to the Congress. See, Congressional Record of July 1, 1970, page S-10438. Our experience during the intervening years has established the basic soundness of this Congressional determination. See Annual Report of the United States Court of Military Appeals and the Judge Advocates General of the Armed Forces and the General Counsel of the Department of the Treasury, 1960. As a review of our decisions will show, generalized, unsupported claims of "command control" will not suffice to create a justiciable issue.

V. A final claim relates to the sentence which might legally be imposed. The arguments urged upon us in support thereof, relate generally to the appropriateness of the sentence—not yet imposed—and are predicated largely upon petitioner's view of the circumstances giving rise to the charge.

No sufficient ground appearing, the petition is denied, without prejudice to raise the issues herein presented at each stage of the proceedings below.

Judge Darden agrees with conclusions reached with respect to the merits of the petitioner's contentions. However, he would dismiss the petition for he believes there is no necessity for reaching the merits since nothing sought therein is in aid of the Court's jurisdiction. See his separate opinion in Collier v United States, 19 USCMA 511, 42 CMR 113 (1970).