UNITED STATES

v.

**Airman Basic Douglas O. CRAWLEY, FR 465–11–9552, UNITED STATES AIR FORCE.**

**ACM S24640.**

U. S. Air Force Court of Military Review.

Decided 26 Dec. 1978.

Sentence Adjudged 19 June 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Captain Patrick A. Tucker and Captain Kenneth R. Powers, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

Accused pleaded guilty to being absent without leave for 92 days in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge sentenced him to a bad conduct discharge, to be confined at hard labor for four months, and to forfeit $250.00 per month for six months.[1]

Appellate defense counsel contend that the convening authority was disqualified from acting in the case because he attempted to improperly influence the outcome of the trial.

Major Cleary, a Trial Judiciary Officer,[2] was made available for this case on 2 June

---

1. Supplemental motion of appellate defense counsel to submit additional citations of authority is hereby granted.

2. Air Force Manual 111–1, paragraph 13–2a, 8 October 1976, defines a Trial Judiciary Officer

as "military judge, certified in accordance with Article 26(b) and (c) [Uniform Code of Military Justice], assigned to the Trial Judiciary, whose primary duty is to act as military judge on general courts-martial." A Trial Judiciary Offi-

1978. He was detailed for the trial by the convening authority and orders were published on 6 June 1978. On 8 June 1978, he advised the court administrator that due to the length of the trial in which he was then participating, he would be unable to convene this case on 12 June 1978, as previously scheduled. Judge Cleary suggested that Major Riley, another Trial Judiciary Officer assigned to the same circuit, might be available to try the case at the scheduled time. The court administrator then advised the convening authority, through the staff judge advocate, that Judge Riley would be available on the scheduled date, but the convening authority decided to retain Judge Cleary. The reason for this decision was indicated in a stipulation of fact:[3] "[He] was displeased with Major Riley's sentence in *United States v. Morgan,* a recent AWOL case tried at Carswell and he believed that Major Cleary would give a more appropriate sentence." Judge Cleary delayed the case until 19 June 1978, when it was tried before him alone.

Appellate defense counsel concede that Judge Cleary's initial selection and detail by the convening authority was in accordance with Article 26, Code, 10 U.S.C. § 826, *supra* and *United States v. Newcomb,* 5 M.J. 4 (C.M.A.1978). They assert, however, that the convening authority's reason for refusing to substitute Judge Riley demonstrated a lack of judiciousness that tainted the entire selection process and requires the setting aside of the findings and sentence.

The remarks made by the convening authority were aimed at the sentence the court might impose. Therefore, since the accused pleaded guilty, it is difficult to see how it could affect the judgment of the court with respect to findings. To find there was such an effect, we would have to apply the doctrine established in *United States v. Lynch,* 9 U.S.C.M.A. 523, 26 C.M.R. 303 (1958), that conduct demonstrat-

ing a complete lack of judiciousness deprives the court-martial of that judicial caliber demanded by the Code. In *Lynch,* the improper conduct was by the president of the court; however, in *United States v. Daniels,* 27 C.M.R. 527 (A.B.R.1958), The Army Board of Review applied the same standard to the convening authority.

In *United States v. Daniels, supra,* the convening authority, in addressing a group of officers from which the court was selected, made a plea for more severe sentences, citing as examples, sentences imposed in wartime desertion cases. When the case was first before the Board, 27 C.M.R. 515 (A.B.R.1958), they ordered a rehearing on sentence based on improper command influence. However, on reconsideration, after learning that the government itself had required full rehearings in all cases tried in the command during the period concerned, the Board found that prejudice must be imputed to the court in both findings and sentence and reversed their prior holding, citing *United States v. Lynch, supra.*

The Court of Military Appeals, however, in *United States v. Kitchen,* 12 U.S.C.M.A. 589, 31 C.M.R. 175 (1961), found it necessary to set aside only the sentence, where a letter critical of prior sentences was sent to each member of the command just prior to the trial in which the accused pleaded guilty.

Corrective action as to sentence alone was also held to be adequate in *United States v. Walsh,* 22 U.S.C.M.A. 509, 47 C.M.R. 926 (1973). In *Walsh,* the convening authority, after the case had been referred to trial, dismissed the old panel members and appointed new ones for the reason "that the first court panel was excessively lenient in their sentence." The Court held that this was an improper reason to withdraw charges, but decided that the improper action by the convening authority did not

cer is responsible to The Judge Advocate General of the United States Air Force or his designee.

3. It is unfortunate that we do not have the testimony of the convening authority rather than a stipulation of fact.

disqualify him or divest the court of jurisdiction. The accused had pleaded guilty and there was no indication that the plea was unintelligent, involuntary, or improvident. The Court allowed the plea to stand and corrected the error by ordering a rehearing on sentence. *United States v. Williams*, 11 U.S.C.M.A. 459, 29 C.M.R. 275 (1960).

In · the case at hand, there is no indication that the convening authority had any personal interest in the case nor was he the "accuser" within the meaning of Article 26 of the Code, supra. His remark in no way indicated a prejudgment of the guilt of the accused, but only his concern with what he considered to be an appropriate sentence. *United States v. Moffett*, 10 U.S.C.M.A. 169, 27 C.M.R. 243 (1959); *United States v. Haimson*, 5 U.S.C.M.A. 208, 17 C.M.R. 208 (1954); *United States v. Danzine*, 12 U.S.C.M.A. 350, 30 C.M.R. 350 (1961); *United States v. Calley*, 46 C.M.R. 1131 (A.C.M.R. 1973), affirmed, 22 U.S.C.M.A. 534, 48 C.M.R. 19 (1973). Although it may be inferred that the convening authority was interested in a more severe sentence than was given by Judge Riley in the previous case, there is no indication of what he considered to be an appropriate sentence. When this is coupled with the fact that he made the statement to his staff judge advocate during a discussion as to the availability of the military judge, it in no way demonstrates such a lack of judiciousness as to disqualify him from acting as the convening authority. *United States v. Walsh* and *United States v. Kitchen*, both *supra*.

The implications of the convening authority's remarks are inappropriate. The statement was of such a nature that under different circumstances, particularly those involving court members, reversal of the findings and sentence might be required. See *United States v. Kitchens*, supra; *United States v. Olson*, 11 U.S.C.M.A. 286, 29 C.M.R. 102 (1960); *United States v. Whitley*, 5 U.S.C.M.A. 786, 19 C.M.R. 82 (1955). But there is no showing in this case that the statement had an unlawful effect on the trial of this case. The appearance, or existence of command influence provides a presumption of prejudice, but the presumption is rebuttable. *United States v. Johnson*, 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964). In the case at hand the presumption is rebutted. The accused knew that Judge Cleary was fully aware of the convening authority's action, yet, he elected to be tried by military judge alone. Judge Cleary is not assigned to the organization commanded by the convening authority and is responsible only to The Judge Advocate General of the United States Air Force. Thus, there is no reason to believe that the remark had any unlawful effect on the trial of this case. Trial defense counsel did not contend during or after trial that the trial judge was influenced by the convening authority's comments and appellate defense counsel, in oral argument, stated that he did not question the fairness of the military trial judge. In any event, it may be presumed that the military judge completely disregarded the inappropriate remarks made by the convening authority. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United States v. Chambers*, 49 C.M.R. 220 (A.F.C.M.R.1974); *United States v. Hughes*, 43 C.M.R. 750 (A.C.M.R.1971).

When Congress provided in Article 26, Code, supra, for a separate and independent military judiciary, the object was to free the designated judge assigned to The Judge Advocate General from traditional effects of unlawful command influence. As we have now seen the system in operation for nearly ten years, we have no doubt that Congress was successful in this endeavor. The traditional concepts of unlawful command control play little or no role when the fact finder is a judge so certified, designated and assigned. *United States v. Hughes* and *United States v. Chambers*, both *supra*.

The remaining assignments of error are without merit. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.

HERMAN, Judge, absent.