UNITED STATES

v.

**Airman First Class David A. CHARLES, FR 189–50–5364 United States Air Force.**

**ACM 23615.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 May 1982.

Decided 9 Dec. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

1. The squadron commander stated in the Transmittal of Court-Martial Charges; AF Form 65, Jun 78, dated 13 March 1982 that

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

Pursuant to his pleas, the accused was convicted by general court-martial of wrongfully possessing and transferring lysergic acid diethylamide (LSD), and wrongfully possessing marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of $100.00 per month for 12 months, and reduction to airman basic.

There is no dispute as to the following facts: After becoming aware that the accused's squadron commander favored rehabilitation of the accused and retention in the service,[1] the Commander, 27th Tactical Fighter Wing, directed that the squadron commander report to him. During this meeting the wing commander indicated that such views did not coincide with his policy regarding personnel involved in drug-related offenses; he alluded to an incident on base where a squadron commander was almost relieved because he chose to dispose of a drug case by nonjudicial punishment rather than refer it to trial. The wing commander ended the discussion by advising the squadron commander to modify his views if it were possible to do so.

The squadron commander testified at trial on the accused's behalf, but made no mention of his rehabilitation potential. The convening authority conceded that the accused might have been prejudiced by the perception of the squadron commander as to the meaning of the wing commander in "advising" him to modify his comments if "it was possible to do so." The convening authority then undertook to cure the prejudice by reducing the confinement at hard labor to one year and the forfeitures to $100.00 per month for 12 months; he let

"... [The accused's] performance mirrors an individual that could easily be rehabilitated into a useful member of the service again."

stand the punitive discharge and reduction to airman basic.[2]

 We find the wing commander's actions in questioning a prospective defense witness inexcusable and highly improper. *United States v. Estes,* 28 C.M.R. 501 (A.B.R.1959). An accused is entitled to witnesses testifying in his behalf who do so without fear of improper influence or reprisal. The findings of guilty are affirmed. The sentence is set aside and a rehearing on sentence is ordered.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

**2.** At trial the accused was sentenced to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $200.00 per month for 18 months, and reduction to airman basic.