**UNITED STATES, Appellee,**

v.

**Sergeant Victor L. SAUNDERS,
358–46–8514, United States
Army, Appellant.**

**CM 445849.**

U.S. Army Court of Military Review.

14 Dec. 1984.

Lieutenant Colonel William P. Heaston, JAGC, Captain L. Sue Hayn, JAGC, and Captain Barry Rothman, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Patrick M. Flachs, JAGC, and Captain Laura G. Poston, JAGC, were on the pleadings for appellee.

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

NAUGHTON, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of wrongful distribution of marijuana and wrongful introduction, with intent to distribute, of methamphetamines, all in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (1982). He was sentenced to a dishonorable discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of E–1. The convening authority approved the sentence.

Appellant now contends that the convening authority erred in taking action on his case after being informed that appellant was prejudiced by improper conduct of his battery commander which raised the issue of unlawful command influence.

It appears from matters submitted to the convening authority by the trial defense counsel in an Article 38(c), UCMJ, 10 U.S.C.

**764**

§ 838(c) (1982), brief, that two days before trial, appellant's battery commander called all defense witnesses into his office, discussed the Army's policy on drugs, and gave them a letter concerning drugs in the military. On the day of trial, the battery commander approached the defense witnesses in the waiting room, expressed the desire that appellant get the maximum punishment, and directed that they read an extract from *United States v. Trottier*, 9 M.J. 337 (C.M.A.1980). The only witness who provided a sworn statement to the defense counsel stated that he felt intimidated by the battery commander's conduct and further indicated that he was influenced to change his testimony because he believed that his battery commander would endorse his enlisted evaluation report.

The Government agrees that the facts in the case at bar arguably raise the issue of an appearance of unlawful command influence and that while it is unclear how the witness may have changed his testimony there exists the possibility that his testimony, as well as that of other defense witnesses, may have been chilled. Appellant suggests that the appropriate remedy for this form of command influence which particularly affects the sentencing process is for this Court to affirm a sentence to no punishment. The Government argues that the proper remedy in this case is to return appellant's case for a rehearing on sentence. We agree with the Government in this instance. The battery commander's actions in this case were intolerable and inexcusable. We find that the testimony of at least one witness was influenced adversely to appellant as a result. Prejudice to appellant is apparent. *Cf. United States v. Charles*, 15 M.J. 509 (A.F.C.M.R.1982).

The findings of guilty are affirmed. The sentence is set aside. A rehearing may be held by the same or a different convening authority.

Senior Judge WOLD and Judge FELDER concur.