UNITED STATES

v.

Captain Ronald J. SERINO,
097–42–6524 FV United
States Air Force.

ACM 25835.

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Dec. 1986.

Decided 29 July 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Francis T. Lacey, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and First Lieutenant Durward E. Timmons, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

STEWART, Judge.

The appellant was charged with fraternizing with two Air Force enlisted men by using marijuana with them in violation of Article 134, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 934. He pleaded not guilty, but the military judge, sitting alone, found him guilty, by exceptions and substitutions, of fraternization by attending a party with the enlisted men during which and after which he condoned their use of marijuana. The approved sentence

includes a dismissal and forfeiture of $1000.00 pay per month for three months.

The appellant filed an assignment of errors, as well as a personal submission pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). In this latter submission, a sworn letter, the appellant alleges his commander's position concerning drug abuse caused his supervisors and fellow officers to tell him that if they provided any type testimony that was supportive of him, it would result in professional suicide. The government, in addressing this allegation, has moved that our court consider trial defense counsel's affidavit. The assignment of error urges that the military judge erred in finding the appellant guilty of fraternization by attending a party and condoning the use of marijuana. Elaborating, appellate defense counsel argue that the factual circumstances do not make out a case of fraternization.

Initially however, it is necessary to address an issue raised by trial defense counsel in her submission to the convening authority. She averred that the finding of guilty changed the nature of the charge, and, thus, the appellant did not have adequate notice of the allegations.

The evidence disclosed that after work one night the two enlisted men, the appellant, and Lt H gathered at an apartment for pizza and beer. Later two civilians joined them. The appellant told an Air Force Office of Special Investigations Special Agent that when he suspected the civilians were using marijuana, he left. Senior Airman F testified that everyone smoked marijuana. On the other hand, Lt H, the only other attendee at the gathering who testified, acknowledged he smoked marijuana at the apartment, but did not say who else, if anyone, used marijuana.

Of course, the military judge could, if the evidence warranted, find the appellant guilty of an included offense by exceptions and substitutions. Article 79, U.C.M.J., 10 U.S. § 879; R.C.M. 918(a)(1). The issue is whether fraternization by condoning use of marijuana was an included offense of fraternization by using marijuana in this case.

An offense is included in a charged offense when the allegations either expressly or by fair implication *put the accused on notice* to be prepared to defend against it in addition to the offense charged. The notice requirement may be met, depending on the allegations, even though an included offense requires proof of an element not required in the offense charged. M.C.M., 1984, pt. IV, para. 2b. This concept has been described by the United States Court of Military Appeals as, "where one offense contains different elements as a matter of law from the other offense, but these different elements are fairly embraced in the factual allegations of the other offense." *United States v. Baker*, 14 M.J. 361, 368 (C.M.A. 1983).

In this case one of the elements of the found offense is different than those in the charged offense, i.e., "condoned their use of marijuana" is quite different than "using marijuana with them." Is this different element fairly embraced in the factual allegations of the charged offense?

The cases examining included offenses of charged drug abuse are numerous. Possession of a drug is fairly embraced in, and an included offense of, use of that drug. *United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984). Possession of a drug is an included offense of distribution or introduction of that same drug. *United States v. Zubko*, 18 M.J. 378 (C.M.A. 1984); *United States v. Hendrickson*, 16 M.J. 62 (C.M.A. 1983). However, neither wrongful introduction of a drug and wrongful possession of the same drug with intent to distribute are fairly embraced within the other. *United States v. Zupancic*, 18 M.J. 387 (C.M.A. 1984). The logic of these principles is apparent. If one uses, introduces, or distributes a drug, he must have possessed it. On the other hand, because one introduces a drug onto a vessel or a military installation does not mean he intends to distribute it. Nor does possession with intent to distribute necessarily mean one introduced it onto a vessel or military installation.

Applying similar logic to the case before us, we believe it is apparent that

one who fraternizes with enlisted personnel by using marijuana with them will also be fraternizing by condoning the enlisted personnel's use. The key is fraternization, and the nature of the offense is not changed. We hold, therefore, that the found offense was fairly embraced in the charged offense, and the former was an included offense of the latter.

■ We also find that the factual circumstances of the case do support the finding of fraternization. Officer condonation of enlisted men's use of marijuana at a party without doubt undermines order, discipline, authority, or morale. M.C.M., 1984, pt. IV, para. 83c(1). The appellant, a nurse, supervised the two enlisted men, medical technicians, when they were on duty together at a ward in the base hospital. This supervisory relationship, by itself, was sufficient to remove this case from the ambit of *United States v. Johanns,* 17 M.J. 862 (A.F.C.M.R. 1983), *aff'd/rev'd in part,* 20 M.J. 155 (C.M.A. 1985). Furthermore, condoning illegal drug abuse by enlisted personnel at a small, intimate party, is distinctly different than the mutually voluntary, private, non-deviate sexual intercourse involved in *Johanns. Cf. United States v. Adames,* 21 M.J. 465 (C.M.A. 1986).

We turn now to the alleged unlawful command influence, and the government's motion that we consider trial defense counsel's affidavit. Said the appellant:

My commander, William Belk, had made his position clear about people who were simply charged with anything associated with drugs. 'Any person in my commany (sic) is guilty of drug use if charged and will be treated as they are guilty regardless of the trial's outcome.'

My supervisors and fellow officers had stated to me that if they provided any type of testimony that was supportive, it would result in professional suicide.

Our disposition of the command influence issue renders it unnecessary that we consider the trial defense counsel's affidavit and moots the government's motion. Nevertheless, because of the serious implications the motion raises, we feel impelled to comment upon it.

The affidavit recounts that the appellant had given trial defense counsel a list of five character references. Three of these persons either testified or provided written statements in the appellant's behalf. She was unable to contact one officer who was on leave. Another officer supposedly made a statement, but it was not in trial defense counsel's file, and she was unable to contact that officer also. None of the witnesses indicated to her that they were hesitant to testify because of the hospital commander's views.

The Disciplinary Rules of the American Bar Association (D.R.) are generally applicable to persons acting as counsel before Air Force courts-martial and the Air Force Court of Military Review. Air Force Regulation (AFR) 111-1, Military Justice Guide, para. 1-8d, (1 August 1984), (Change 1, 8 July 1985). D.R. 4-101(B) prohibits a lawyer from revealing, using to the disadvantage of the client, or using to the advantage of a third person, "a confidence" of his client. An exception to these prohibitions is that a lawyer may reveal "Confidences ... necessary ... to defend himself against an accusation of wrongful conduct." D.R. 4-101(C)(4). In *United States v. Dupas,* 14 M.J. 28 (C.M.A. 1982), the United States Court of Military Appeals recognized this exception. *See also United States v. Caudill,* 18 M.J. 514, 516 (A.F.C.M.R. 1984). Even if a claim of ineffective assistance of counsel is not express, it may be implied. Thus, where an accused's post trial affidavit averred, inter alia, that "My [l]awyer said that the people I had named would not speak on my behalf as it may cause them problems within the unit," it was held that the claim of ineffective assistance of counsel had been impliedly asserted. *United States v. Kennedy,* 21 M.J. 879, 882 (A.C.M.R. 1986).

In the case before us, however, there is no express attack upon trial defense counsel's effectiveness, nor even a hint that trial defense counsel knew, or was told, that some witnesses may have been improperly influenced to refrain from testifying favorably to the appellant. We find it difficult to perceive an implied claim of

ineffectiveness merely because now the appellant alleges improper influence by the commander. Thus, we have grave doubts as to whether the exception fits the facts of this case.

A privilege may also extend to other information gathered by counsel during his representation of the client. For instance, Ethical Consideration (EC) 4–5 to Canon 4 of the ABA Code of Professional Responsibility (1969) states, "A lawyer should not use information acquired in the course of representation of a client to the disadvantage of the client." Nor is an "attorney ... free to volunteer information that does not concern the issue of ineffective assistance of counsel." *United States v. Dupas, supra,* 30. The United States Navy Court of Military Review has gone so far as to say, "Implicit in the [attorney-client] privilege is the abstention from taking part in any proceedings contrary to the client's interest and it is immaterial that confidential communications have not been divulged or used." *United States v. Berry,* 1 M.J. 651, 653 (N.C.M.R. 1975). Furthermore, in the Discussion to Rule for Courts-Martial (R.C.M.) 502(d)(6), which outlines the duties of defense counsel, there is the strong admonition that defense counsel will "represent the accused with undivided fidelity." If these caveats are to have any real meaning, it would seem that an attorney should not reveal his work product unless his client, or a court, so directs.

The extent of the attorney-client privilege in military law is not yet precisely defined, at least as to situations such as in this case. Thus, we can well understand the problems defense counsel may have in balancing their obligations to their clients as against their responsibilities as officers of the courts. In situations such as this we suggest defense counsel query their clients whether their allegations are intended to suggest ineffectiveness of counsel. If the answer is yes, counsel would do well to request their client to reduce that to writing. If the answer is no, counsel should recall that they should not reveal clients' confidences or their attorney work product unless so directed by their clients or required by law or court order.

Turning from the government's motion that we consider trial defense counsel's affidavit, we now consider the appellant's claim of command influence. Although many errors are waived if they are not raised at trial, unlawful command influence is not. *United States v. Blaylock,* 15 M.J. 190 (C.M.A. 1983).

An accused is entitled to witnesses who can testify in his behalf without fear of improper influence or reprisal. Thus, we have held that a commander may not attempt to improperly influence a prospective witness, and to do so is wrong and indefensible. *United States v. Tucker,* 20 M.J. 863 (A.F.C.M.R. 1985); *United States v. Lowery,* 18 M.J. 695 (A.F.C.M.R. 1984); *United States v. Charles,* 15 M.J. 509 (A.F. C.M.R. 1982). *See also United States v. Rosser,* 6 M.J. 267 (C.M.A. 1979); *United States v. Treakle,* 18 M.J. 646 (A.C.M.R. 1984). Such action violates Article 37(a), U.C.M.J., 10 U.S.C. § 837, in that it is an unauthorized attempt to "influence the action of a court-martial."

One method of resolving allegations of unlawful command influence is for a court of military review to order the case remanded for an evidential hearing to be conducted by a military judge. *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (C.M.A. 1967). However, such a remedy does not seem warranted in a case where, as here, the allegation is unsupported; on its face it does not allege the commander concerned was addressing testimony by witnesses; no witnesses are identified by name; witnesses did testify, or gave statements, for the appellant; and the alleged command influence was apparently known to the appellant before trial but not raised there.

"[G]eneralized, unsupported claims of 'command control' will not suffice to create a justiciable issue." *Green v. Widdecke,* 42 C.M.R. 178, 181 (C.M.A. 1970). The United States Army Court of Military Review has fleshed out the *Green* statement in a series of cases beginning with *United States v. Cruz,* 20 M.J. 873 (A.C.M.R. 1985). The *Cruz* analysis began with the

proposition that a rebuttable presumption exists that court-martial decisions are correct and the proceedings are regular. In order to shift the burden of persuasion of correctness and regularity to the government, appellants in courts of military review must produce sufficient evidence of an error affecting the validity of the findings or sentence. Such evidence may come from the record or admissible extra-record evidence. The court must examine the totality of the circumstances based on the entire body of evidence before the court. "Mere possibilities cannot overcome the general presumption of regularity ..." *Id.*, 886.

In finding the appellant had presented evidence which showed only that it was possible that unlawful command influence had occurred in the case, the *Cruz* court observed:

> ... the appellant has failed to provide us with even that evidence which is most readily available to him. He has failed to produce statements from his chain of command, or from the people to whom he would normally have gone in search of favorable testimony, stating how they interpreted the events in question, if they were affected, and if so how. What is more, he has failed to reveal the identities of the people he believes were in possession of relevant information which would have qualified them to testify in his behalf.

*Id.*, 888.

 Examining the totality of the circumstances of this case, we conclude that the appellant has presented to us only a possibility that unlawful command influence occurred and affected his case. His allegations are unsupported. Indeed, the evidence brought out at trial through sworn testimony of his supervisors and official records paint him as a mediocre performer who may not have been a good team worker. It would not be unusual that supervisors and fellow officers would decline to step up to support him. Even so, one officer, one Air Force civilian employee, and one noncommissioned officer provided either testimony or statements in the appellant's behalf. The evidence is insufficient to raise a justiciable issue of unlawful command influence, and accordingly, we will not direct further action on the appellant's allegation.

We have examined the record of trial, the assignment of errors, and the government's reply thereto and have concluded the the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED

Judge LEWIS concurs.

SESSOMS, Senior Judge (concurring in the result).

The appellant was charged with knowingly fraternizing with two enlisted men by "using marijuana with them" on divers occasions during February and March of 1986. Contrary to his pleas, he was found guilty in a bench trial, by way of exceptions and substitutions, of knowingly fraternizing with the same two enlisted members by "attending a party with them during which and after which he condoned their use of marijuana." The gravamen of the offense charged was knowing fraternization in violation of Air Force customs. The finding by the trial judge did not change the nature or the identity of the offense. R.C.M. 918(a)(1). Therefore, I concur with the majority in the result.

We granted appellate defense counsel's motion to file a letter from the appellant in which he alleges, for the first time, that unlawful command influence prevented him from receiving a fair and impartial trial. I agree with the majority that a bare allegation of command influence, standing alone, is insufficient to overcome the presumption of correctness and regularity that attends courts-martial. *United States v. Cruz*, 20 M.J. 873, (A.C.M.R. 1985). Hence, I agree that our consideration of this issue under

these circumstances would be inappropriate.

We took no action with regard to appellate government's motion to file an affidavit of trial defense counsel because our holding rendered that issue moot. Since I believe that reasonable minds could differ on the question of whether the appellant's letter amounts to an allegation of ineffective assistance of counsel, I find myself quite able to resist the compulsion, apparently felt by the majority, to comment further. I prefer to disassociate myself from any part of the majority opinion other than as herein expressed.