UNITED STATES

v.

**Staff Sergeant Kenneth D. OSBURN,
FR372–60–9896, United States Air
Force.**

ACM 28511 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 March 1990.

11 Oct. 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Lieutenant Colonel Jeffrey R. Owens, Lieutenant Colonel Michael Sofocleous, and Major Bernard E. Doyle. Article 38(c) Brief submitted by Captain Jeffrey A. Renshaw.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., Major Jeffrey C. Lindquist, Major Leonard R. Rippey, and Major Kingston E. Smith.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

OPINION OF THE COURT UPON
FURTHER REVIEW

McLAUTHLIN, Judge:

On 30 October 1990, we affirmed appellant's conviction for the wrongful use of marijuana. *United States v. Osburn*, ACM 28511, 1990 WL 172898 (30 October 1990). There, we found appellant's guilty plea provident and his sentence appropriate. We also rejected appellant's contention that unlawful command influence prevented him from presenting favorable sentencing evidence. On 29 April 1991, the Court of Military Appeals set aside our

decision and specified the following issue for our consideration:

WHETHER APPELLANT'S COURT-MARTIAL WAS SUBJECTED TO UNLAWFUL COMMAND INFLUENCE WHEN HIS SQUADRON COMMANDER WITHDREW HIS INITIAL RECOMMENDATION FOR A GENERAL DISCHARGE IN LIEU OF TRIAL AND SUBSTITUTED A RECOMMENDATION FOR A DISCHARGE UNDER OTHER THAN HONORABLE CONDITIONS WHEN HE LEARNED OF "EIGHTH AIR FORCE POLICIES."

*United States v. Osburn,* 33 M.J. 4 (C.M.A.1991).

Appellant's squadron commander preferred the charge against appellant on 14 February 1990. On 21 February 1990, appellant submitted a Request for Discharge in Lieu of Trial by Court–Martial pursuant to Chapter 4 of Air Force Regulation 39–10. The approval authority for this request was appellant's numbered air force commander, the general court-martial convening authority.

On 2 March 1990, appellant's squadron commander recommended appellant's request be approved. He also recommended that appellant be furnished a general discharge. The wing staff judge advocate and wing commander each recommended disapproval of appellant's request on 5 March 1990, noting in their letters the squadron commander's recommendation to the contrary.

On 8 March 1990, appellant's squadron commander forwarded a second letter through the wing commander to the approval authority. In it, the squadron commander said:

I now wish to withdraw my recommendation concerning the character of discharge. I recommended a general discharge because I thought a general discharge was a discharge under other than honorable conditions. I have since learned that a general discharge is a discharge under honorable conditions.

... I also wish to clarify my rationale for recommending that SSgt Osburn be discharged rather than be court-martialed. My previous rationale was provided in haste and was based on my previous experience seven months ago as a commander with these issues at another base and *without a full appreciation for, and knowledge of, Eighth Air Force policies.* My primary and overriding reason for supporting SSgt Osburn['s request for discharge] is that he should be eliminated from the Air Force as soon as possible. He has committed a serious offense and he is no longer of any value to the [squadron]. (Emphasis added.)

The squadron commander said he still recommended an administrative discharge because a court-martial would only keep the appellant "in the squadron for an extended period of time." All he wished to change was his suggested characterization for that discharge.

On 9 March 1990, the wing commander repeated his recommendation that appellant's discharge request be denied. The wing commander said he understood the squadron commander's desire to expeditiously remove Osburn from the unit, but felt that to do anything other than a court-martial "would adversely effect the good order and discipline" of the wing.

The discharge authority's legal review was also done on 9 March 1990.[1] It, too, recommended court-martial, noting that appellant's record included prior nonjudicial punishment under Article 15, UCMJ, for possession of marijuana and for driving while intoxicated. The legal review summarized the squadron commander's reasons for recommending approval of appellant's resignation request, but concluded that "[t]he appropriate forum in which to resolve the charge against Sergeant Osburn and to deter him and others from drug abuse is a trial by court-martial." On 13 March 1990, the general court-martial convening authority disapproved appellant's request for discharge.

1. Appellant's unit and wing were located on the same installation as the general court-martial convening authority and his staff.

Appellant's court-martial took place on 23 March 1990. After pleading guilty, appellant was sentenced by a military judge, sitting alone, to a bad conduct discharge, confinement for 2 months, and reduction to E-3. The general court-martial convening authority approved the sentence on 16 April 1990.

In response to the specified issue, appellant stands on his earlier Application for Relief under Article 38(c), UCMJ, 10 U.S.C. § 838(c), and requests we remand this case to a new convening authority for a post-trial hearing. *See United States v. Du-Bay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). Appellant's motion is hereby DENIED. After a careful reassessment, we are convinced that a post-trial hearing is unnecessary. We are satisfied beyond any reasonable doubt that the appellant's court-martial was not subjected to unlawful command influence.

■ As we noted in our earlier decision, unlawful command influence can be either actual or apparent, *United States v. Johnson*, 14 U.S.C.M.A. 548, 34 C.M.R. 328 (1964), and in either form it is "the mortal enemy of military justice." *United States v. Thomas*, 22 M.J. 388, 393 (C.M.A.1986), *cert. denied*, 479 U.S. 1085, 107 S.Ct. 1289, 94 L.Ed.2d 146 (1987). Although many errors are waived if not raised at trial, unlawful command influence is not. *United States v. Blaylock*, 15 M.J. 190 (C.M.A.1983). "[N]o reviewing court may properly affirm findings and sentence unless it is persuaded beyond a reasonable doubt that the findings and sentence have not been affected by ... command influence." *Thomas*, 22 M.J. at 394.

■ The exercise of command influence tends to deprive servicemembers of their constitutional rights. *Thomas*, 22 M.J. at 393. If directed against pretrial procedures, it can adversely affect the accused's right to due process. U.S. Const. Amend. V; Article 30, U.C.M.J., 10 U.S.C. § 846; *See also United States v. Woods*, 26 M.J. 372 (C.M.A.1988), and *United States v. Shoup*, 31 M.J. 819 (A.F.C.M.R.1990). If directed against prospective defense witnesses, it transgresses the accused's right

to have access to favorable evidence. U.S. Const. Amend. VI; Article 46, U.C.M.J., 10 U.S.C. § 846; *Thomas*, 22 M.J. at 393.

■ On its face, the squadron commander's reference to his new awareness of "Eighth Air Force policies" while changing his discharge recommendation is disturbing. But a close analysis of all the circumstances unearths no sign of unlawful command influence affecting appellant's court-martial.

Looking first at appellant's pretrial process, we note that the squadron commander preferred charges before appellant's request was submitted. Nothing the squadron commander said in either of his recommendation letters was inconsistent with his oath at the time of preferral that he had "personal knowledge of or has investigated the matters set forth in the charges and specifications" or that he believed the charge was "true in fact to the best of [his] knowledge and belief." R.C.M. 307(b); *see United States v. Miller*, 31 M.J. 798 (A.F.C.M.R.1990).

We also observe that the squadron commander's 8 March 1990 comments applied exclusively to his change of views about the characterization of appellant's administrative separation in lieu of court-martial. The commander left undisturbed his earlier recommendation that appellant receive an administrative discharge. The commander never deviated from that recommendation, despite knowing his supervisor and legal staff took positions to the contrary.

Had the squadron commander's modification been caused by unlawful command influence, it more likely would have echoed his wing commander's already existing denial of appellant's request. Instead, the reason for the change appears to be just what the squadron commander said it was—a correction to his earlier mistaken belief that a general discharge was a discharge under other than honorable conditions. The squadron commander's 8 March letter did not result in a denial of appellant's pretrial due process rights. Indeed, the commander's letter had the opposite effect, generating another written review

of appellant's separation request by the wing commander.

Nor is there any indication of unlawful command influence in appellant's court-martial. Evidence concerning appellant's separation request was never put before the military judge. The squadron commander was not a court-martial member, and he was not the appellant's convening, approving, or reviewing authority under Article 37, UCMJ, 10 U.S.C. § 837. Appellant pleaded guilty to the charged offense, and he makes no complaint that his defense on the findings was in any way impaired. In this context, the findings of guilty may be affirmed. *See Thomas,* 22 M.J. at 395; and *United States v. Cruz,* 25 M.J. 326 (C.M.A.1987).

■ Concerning his punishment, appellant says unlawful command influence kept his commander from testifying for him in sentencing. In his Application For Relief, appellant's defense counsel says "the squadron commander was contacted and asked to testify in sentencing in line with the views expressed in his 2 March 1990 letter," but the commander declined. As we noted in our earlier opinion, "generalized, unsupported claims of 'command control' will not suffice to create a justiciable issue." *Green v. Widdecke,* 19 U.S.C.M.A. 576, 579, 42 C.M.R. 178, 181 (C.M.A.1970). Appellant must do more than present only a possibility that unlawful command influence occurred and affected his case. *United States v. Serino,* 24 M.J. 848 (A.F.C.M.R.1987), *pet. denied,* 25 M.J. 480 (C.M.A.1987).

In his speculative submission, appellant fails to show any link between the commander's decision not to testify and the possibility of unlawful command influence. Despite knowing his supervisors' positions to the contrary, appellant's commander never wavered from his recommendation that appellant receive an administrative separation in lieu of court-martial. If anything, this demonstrates this commander's willingness to differ with, rather than succumb to, the expressed views of those in the chain-of-command above him. Our review of all the circumstances convinces us that, whatever the cause, unlawful command influence was not the reason appellant's commander declined to testify.

We note that the facts forming the basis for the commander's 2 March 1990 recommendation were introduced at trial by those that knew them best—appellant's spouse and first sergeant. The admission of more than a decade of excellent performance reports detailed for the court the other favorable sentencing information the commander only touched upon in his 2 March letter. Therefore, the commander's election not to testify deprived the appellant of nothing in presenting favorable sentencing evidence to the military judge.

Post-trial reviewers have also had the benefit of the views the squadron commander expressed in his 2 March 1990 letter. Appellant's trial defense counsel quoted extensively from that letter in his comments forwarding clemency matters to the convening authority.

In sum, we find no evidence of any direct or indirect attempt through unlawful command influence to orchestrate the outcome of this court-martial. *See Cruz,* 25 M.J. at 329. We are gravely concerned when, as here, an important player in the court-martial process modifies a recommendation made during that process citing a new awareness of "command policies." Despite his unfortunate choice of words, however, we are satisfied that the squadron commander changed his recommendation regarding appellant's request for separation, not because of unlawful command influence, but because he mistakenly believed a general discharge would be under other than honorable conditions. The squadron commander's refusal to change his recommended approval of appellant's request for separation, when the wing commander was already on record recommending disapproval, helps confirm for us the total absence of unlawful command influence in appellant's trial process.

Having again examined the record of trial, the specified issue, and appellate counsels' responses thereto, we conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.